UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

               Petitioner,

v.

STATE OF WASHINGTON, *et al*.,

               Respondents.

Case No. C21-620-RAJ-MLP

REPORT AND RECOMMENDATION

Petitioner John Demos is a Washington prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). He has presented to this Court for filing a series of documents including a "Motion for Review," a "Motion to Restore, Replace, Redeem, Rectify, & Rebuke," a number of affidavits in support of his motions, and an application to proceed with this action *in forma pauperis* ("IFP"). (Dkt. ## 1, 1-1.)

REPORT AND RECOMMENDATION
PAGE - 1

1      Petitioner fails to clearly identify in his motions and supporting documents the grounds
2  for this Court's jurisdiction over this action as is required by Rule 8(a) of the Federal Rules of
3  Civil Procedure. His claims, however, relate to the alleged unlawful seizure of rare and valuable
4  coins that were in his possession when he was booked into the Yakima County Jail in 1974 and
5  the King County Jail in 1978. (Dkt. # 1-1 at 3-4, 12.) Petitioner asserts these coins were never
6  returned to him, and he seeks their "release and return" in this action. (*Id*. at 3-4, 11.) Petitioner
7  identifies the State of Washington, the U.S. Department of the Treasury, and the Federal Reserve
8  Board as Respondents in this action. (*Id*. at 1.)

9      This case was opened as a federal habeas action under 28 U.S.C. § 2241. It is not clear
10 why the case was construed as one presented under § 2241, though this may have to do with the
11 way in which Petitioner identified the parties; *i.e.*, as Petitioner and Respondents. However, the
12 claims Petitioner appears to assert, and the relief requested, do not fall within the scope of § 2241
13 which generally provides a mechanism for individuals in custody to challenge the lawfulness of
14 their detention. *See* 28 U.S.C. § 2241(c). Petitioner does not appear to present any challenge to
15 his confinement, he instead seeks the return of property which he claims was unlawfully seized
16 by state entities. Claims of this nature would more appropriately be raised in a state tort action
17 or, conceivably, a civil rights action under 42 U.S.C. § 1983. Regardless of how Petitioner's
18 pleading is construed, the pleading and this action should be dismissed.

19     The Court first notes that Petitioner is permitted to submit only three IFP applications and
20 proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan.
21 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec.
22 15, 1982). This year, Petitioner has already filed three IFP applications and proposed actions in

23

REPORT AND RECOMMENDATION
PAGE - 2

this District. *See, e.g.*, *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.). Though this alone precludes Petitioner from proceeding with this action, there are additional restrictions as well.

Construing Petitioner's submission as a federal habeas petition brought under § 2241, the petition is subject to dismissal because Petitioner is in custody pursuant to a state court judgment and the only habeas remedy available to a state prisoner seeking to challenge his detention, assuming that is what Petitioner intends to do in this action, is that afforded by 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner may not proceed under § 2254 because an Order of this Court provides for the return without filing of any petition by Petitioner that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). Petitioner has not paid the filing fee. Moreover, Petitioner may not proceed with a second or successive habeas petition here unless and until the Ninth Circuit authorizes its filing, which it has not done. *See* 28 U.S.C. § 2244(b)(3)(A).

Construing Petitioner's submission as a civil complaint rather than a federal habeas petition, this action is subject to dismissal because Petitioner fails to meet the requirements of 28 U.S.C. § 1915(g). Under § 1915(g), Petitioner must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Petitioner's submission does not contain "a plausible allegation

REPORT AND RECOMMENDATION
PAGE - 3

that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Based on the foregoing, this Court recommends that Petitioner's IFP application (Dkt. # 1) be DENIED and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 18, 2021**.

Dated this 24th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4